AE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LORENZO ANDERSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 04 C 7049 |
| ) | |
| v. ) | Magistrate Judge |
| ) | Martin C. Ashman |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lorenzo Anderson, brings this motion for attorney's fees and costs pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d), for the prosecution of his Social Security appeal and for this motion for fees and costs. Defendant, the Commissioner of Social Security Administration, opposes Anderson's motion. The parties have consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment. *See* 28 U.S.C. § 636(c); Local R. 73.1(a). For the following reasons, Anderson's motion is granted.

### I. Background

Anderson filed applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") on November 1, 2001, alleging onset of disability on September 10, 2001. (R. at 75-77.) Anderson's claim was denied initially and on reconsideration. Following the denial on reconsideration, Anderson requested a hearing before an administrative law judge

("ALJ"). Anderson's requested hearing took place before an ALJ on June 3, 2003. On September 26, 2003, the ALJ found Anderson not disabled. (R. at 17-22.) Anderson's Request for Review was denied by the Social Security Administration's Appeals Council on September 3, 2004, making the ALJ's decision the final decision of the Commissioner. (R. at 6-8.) After the Appeals Council denied Anderson's request for review, Anderson filed a complaint in the Northern District of Illinois seeking judicial review of the final decision of the Commissioner denying him SSI and DIB. Anderson argued that the ALJ failed to provide him with a full and fair hearing, failed to fully develop the record, and never fully considered all of the possible evidence. (Memorandum Opinion and Order, Oct. 11, 2004 ("Opinion"), at 11.) On October 11, 2004, this Court found in favor of Anderson and reversed and remanded the Commissioner's decision. (Opinion at 18.) This application for fees followed.

## II. Discussion

The EAJA provides that a court shall award attorney's fees to a party who prevails against the United States in certain civil actions, including proceedings for judicial review of an agency action, unless the court finds that the position of the United States was substantially justified or that special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The movant bears the burden of showing that he prevailed in the civil action. If the burden is met, the United States must show that its position was substantially justified to avoid the imposition of fees. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004); *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994).

Anderson asserts that he is a prevailing party by virtue of obtaining a sentence-four remand, citing *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). The Commissioner does not dispute this and neither do we. *See Schaefer*, 509 U.S. at 300-02; *Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 980 (7th Cir. 1999); *O'Connor v. Shalala*, 23 F.3d 1232, 1234 (7th Cir. 1994). Accordingly, our inquiry focuses on whether the Commissioner has shown that her position was substantially justified. In making this inquiry, we are mindful that the "Commissioner's Position" encompasses both her prelitigation conduct at the agency level and her litigation conduct before this Court. *Golembiewski*, 382 F.3d at 724; *Cummings v. Sullivan*, 950 F.2d 492, 496-97 (7th Cir. 1991). An ALJ's decision constitutes part of the agency's prelitigation conduct. *Golembiewski*, 382 F.3d at 724. Rather than make conclusions as to each of these temporally distinct elements, however, the EAJA requires this Court to arrive at a single conclusion that accommodates the entire civil action. *Id.*; *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1081 (7th Cir. 2000).

Further, a finding that a party prevailed in federal court does not automatically permit that party to recover fees. *Fed. Election Comm'n v. Rose*, 806 F.2d 1081, 1087 (D.C. Cir. 1986) ("[A]t the EAJA stage, the court is not wedded to the underlying judgment on the merits in assessing either the Government's litigation position or its underlying conduct."). Substantial justification means "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations and citations omitted). In other words it means a reasonable basis both in law and fact. *Id.* It is well settled that a party's position can be substantially justified but incorrect, as long as a reasonable person could think that the position was correct. *Golembiewski*, 382 F.3d at

724 (citing *Underwood*, 487 U.S. at 566 n.2). Thus, in order to prevail in the Seventh Circuit, the government must show that its position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded. *Id.*

Anderson now seeks legal fees. Anderson challenges the Commissioner's prelitigation and litigation positions. Specifically, Anderson alleges that the ALJ lacked a reasonable basis in truth for the facts relied upon in his decision because the ALJ (1) made credibility determinations based on insufficient evidence and (2) relied upon a record that included incomplete development of Anderson's testimony, no questioning by Anderson's attorney at the ALJ hearing, and incomplete testimony by the medical expert and vocational expert. (Pl.'s Br. at 3-4.) The Commissioner counters that (1) the ALJ reasonably believed that Anderson's record was sufficiently developed when he issued his decision, and (2) Anderson declined the opportunity to supplement the record so he may not claim the ALJ unreasonably failed to reconvene his hearing. (Def.'s Br. at 5-7.)

### A. The Commissioner's Position Was Not Substantially Justified.

This Court reversed and remanded the Commissioner's decision in this case because the ALJ failed to develop an administrative record that contained a full and fair hearing of Anderson's claim for disability. (Opinion at 11-12.) As discussed in our original decision, the ALJ postponed Anderson's June 3, 2003 hearing because the record lacked current medical reports, X-rays, or examinations. After postponing Anderson's hearing, the ALJ obtained Dr. Elmes's orthopedic evaluation of Anderson and then issued a decision finding Anderson not

disabled. The Court found that the ALJ erred by not reconvening Anderson's hearing because questions and observations regarding Dr. Elmes's evaluation were never fleshed out, the medical and vocation experts never rendered meaningful opinions, and Anderson's complaints of pain and physical limitations were never thoroughly discussed or assessed. (Opinion at 12.) In short, the ALJ's failure to reconvene Anderson's hearing and flesh out Dr. Elmes's evaluation resulted in improper and incomplete assessments of Anderson's pain, credibility, and Residual Functional Capacity ("RFC"). (Opinion at 12-17.)

The Commissioner suggests that the ALJ reasonably believed that Anderson's record was sufficiently developed when he issued his decision because Anderson declined the opportunity to "supplement" the record. The Commissioner also argues that, having declined the opportunity to supplement the record, Anderson may not claim that the ALJ unreasonably failed to reconvene his hearing. The Court disagrees with both of the Commissioner's claims. As discussed in our original decision:

> In declining to petition for a supplemental hearing, however, Anderson did not waive his original right to a full and fair hearing. A supplemental hearing presupposes that a full hearing has been held. In this case, a full hearing never took place, as the ALJ explicitly "postponed" the hearing in order to collect more information. Anderson was led to believe that his hearing would be reconvened and the Court will not infer a waiver of Anderson's right to a full and fair hearing absent an explicit statement to that effect. Anderson never made such a statement, so the ALJ must reconvene the hearing and develop a full and fair record.

(Opinion at 12-13.) In short, the ALJ could not reasonably believe that Anderson's record was sufficiently developed because a full and fair hearing was never held. Furthermore, the ALJ could not reasonably believe that Anderson waived his right to a full and fair hearing because Anderson never made statements to that effect. While it is true that Anderson's attorney could

have done more to safeguard his client's rights, the obligation to comply with the Commissioner's Rules and Regulations and uphold Anderson's rights ultimately belongs to the Commissioner and her ALJ.

The Commissioner cites to *Scheck v. Barnhart*, 357 F.3d 697 (7th Cir. 2004), and argues that the ALJ's duty to make a full and fair record is imprecise and impossible to achieve. (Def.'s Br. at 4.) In *Scheck*, an ALJ explicitly told a Social Security benefits claimant that his application lacked sufficient documentary medical evidence but decided, nonetheless, to give the claimant thirty days to obtain additional medical records. The ALJ explained that, "If there is nothing received within 30 days I will make a decision based on . . . what I have, which as I have indicated already is not very much . . . ." *Id.* at 702. The claimant's attorney replied "very good." *Id.* When no additional medical evidence was produced, the ALJ examined all of the evidence and testimony in the record and ruled against the claimant. After the Commissioner's Appeals Council and a district court affirmed the ALJ's decision, the claimant appealed to the Seventh Circuit Court of Appeals and alleged, among other things, that the ALJ failed to develop a full and fair record with regard to his documentary medical evidence. The Seventh Circuit noted that the claimant bears the burden of supplying adequate records and evidence to prove his claim of disability and found that:

> While it is true that the ALJ has a duty to make a complete record, this requirement can reasonably require only so much. As this court noted in *Kendrick v. Shalala*, "[t]he difficulty is that no record is 'complete'--one may always obtain another medical examination, seek the views of one more consultant, wait six months to see whether the claimant's condition changes, and so on. Taking 'complete record' literally would be a formula for paralysis."

*Id.* at 702. The Seventh Circuit concluded that the ALJ attempted to make as complete a record as possible and rejected the claimant's argument. *Id.* at 702-03.

*Scheck* does not help the Commissioner in this case. Contrary to the Commissioner's argument, *Scheck* does not stand for the proposition that a complete record is unattainable so an ALJ may close the record at any time. Rather, *Scheck* stands for the principle that an ALJ need only make a reasonable effort to develop a full and fair record and that a claimant's unreasonable demands for additional time and flexibility must not prevent the record from closing. In the case at bar, the ALJ cut short the claimant's hearing in order to get additional evidence and then, despite assurances to the contrary, never resumed the hearing or fully explored the newly obtained evidence. This case, then, is about an ALJ unreasonably preventing the development of a full and fair record, not a claimant making unreasonable demands of the Commissioner.

Because the ALJ had a duty to develop a full and fair record but failed to do so, the Commissioner's prelitigation conduct was not substantially justified. *See Taylor v. Barnhart*, No. 00 C 7782, 2002 WL 31654944, at *3 (N.D. Ill. Nov. 22, 2002); *Stringer v. Apfel*, No. 97 C 1223, 1998 WL 774138, at *2 (N.D. Ill. Oct. 29, 1998); *Rodgers v. Sullivan*, No. 87 C 1014, 1992 WL 309536, at *2 (N.D. Ill. Oct. 21, 1992). Furthermore, because the ALJ failed to sufficiently develop the record before issuing his decision, the ALJ lacked a reasonable basis in truth for the facts alleged when he assessed Anderson's pain, credibility and RFC. Specifically, the ALJ never held a full and fair hearing and never questioned Anderson, the medical expert, the vocational expert, or other potential witnesses in any meaningful way. As a result, the ALJ placed too much weight on Anderson's appearance and demeanor at the brief June 3, 2003 hearing and failed to fully explore Anderson's medical record (especially

Dr. Elmes's findings), the frequency or intensity of Anderson's painful days, or how Anderson's symptoms limit his daily activities. (Opinion at 15-17.) When, as in this case, an ALJ bases pain, credibility and RFC assessments on evidence that a reasonable person would consider incomplete and undeveloped the ALJ lacks a reasonable basis in truth for the facts alleged and his decision is not substantially justified. *Golembiewski*, 382 F.3d at 724; *Hallmark Constr. Co.*, 200 F.3d at 1080-81.

For the reasons stated above, the Court finds that the Commissioner lacked a reasonable basis in truth for the facts alleged, so her prelitigation conduct was not substantially justified. Furthermore, because Anderson made the Commissioner aware of the incomplete record and the resulting deficiencies before the Commissioner filed her motion for summary judgment, the Court finds that the Commissioner's litigation conduct was not substantially justified either.

### B. Anderson's Fee Request Is Reasonable.

In order to collect attorney fees under the EAJA, the prevailing party must, within thirty days of final judgment in the action, submit an itemized statement from any attorney representing or appearing in behalf of the party stating the actual time expended and the rate at which fees were computed. 28 U.S.C. § 2412(d)(1)(B). Anderson submitted his itemized statement within thirty days of final judgment in this action.

Anderson claims his attorneys spent 45.9 hours working on this appeal and that their legal assistants spent 1.9 hours working on this appeal. (Pl.'s Br. at Ex. A; Pl.'s Reply at 5.) The Commissioner argues that Anderson should not be compensated for 47.8 hours of work. The

Commissioner claims that Anderson requests an unusually large award for a routine Social Security case. (Def.'s Br. at 7-8.) Specifically, the commissioner claims that it was not reasonable for Anderson's attorneys to expend over twenty-eight hours on Anderson's underlying motion for summary judgment, nor over ten hours on Anderson's reply brief, especially given the experience and expertise of the attorneys involved. (Def.'s Br. at 8.)

This Court may not arbitrarily reduce hours requested. *Spellan v. Bd. of Educ. for Dist. 111*, 59 F.3d 642, 647 (7th Cir. 1995); *Hutchison v. Amateur Elec. Supply, Inc.*, 42 F.3d 1037, 1048 (7th Cir. 1994). The Commissioner argues that Anderson's claims are excessive, but does not specifically dispute any time entry. Anderson's hours, however, do not appear excessive. According to his itemized time sheet, Anderson spent an unextraordinary 38.9 hours briefing his summary judgment motion and reply brief (28.6 hours and 10.3 hours respectively). *See Stringer*, 1998 WL 774138, at *3 (finding thirty-five hours not an unusually high number of hours for briefing a Social Security case); *Rice v. Apfel*, 16 F. Supp. 2d 971, 975 (N.D. Ill. 1998) (finding 37.25 hours not an excessive number of hours for briefing a Social Security case). The 47.8 hours Anderson requests for work performed on this case is not otherwise unusual. *See Cuevas v. Barnhart*, No. 02 C 4336, 2004 WL 3037939, at *1-2 (N.D. Ill. Dec. 30, 2004) (awarding $8,738.75 for 56.5 hours of attorney work and three hours of legal assistant work on Social Security case); *Taylor v. Barnhart*, No. 00 C 3556, 2004 WL 1114783, at *3 (N.D. Ill. May 14, 2004) (awarding $7,222.92 for fifty-one hours of attorney work and one hour of legal assistant work on Social Security case); *Holland v. Barnhart*, No. 02 C 8398, 2004 WL 419871, at *2-3 (N.D. Ill. Feb. 3, 2004) (awarding $8,049.71 for 53.35 hours of attorney work and three hours of paralegal work on Social Security case); *Willis v. Barnhart*, No. 99 C 3437, 2002 WL

31779907, at *3 (N.D. Ill. Dec. 11, 2002) (finding $8,002.68 award for 56.25 hours of work reasonable for a Social Security case).

Anderson seeks to be compensated $156.25 per hour for attorney work and $85.00 per hour for legal assistant work. (Pl.'s Br. at Ex. A; Def.'s Br. at 1; Pl.'s Reply at 5.) These rates are based on the EAJA allowance for payment of attorney fees at $125.00 per hour as of 1996 and adjustment based on the cost of living as defined by the Consumer Price Index ("CPI"). *See* 28 U.S.C. § 2412(d)(2)(A)(ii) (attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living justifies a higher fee). Anderson arrives at the $156.25 per hour rate by increasing $125.00 by approximately 25%, in line with a roughly 25% increase in the cost of living since March 1996, per the CPI. (Pl.'s Br. at 4, Ex. B.) Determining rates by using the annual CPI for each of the years in question is appropriate, *see Marcus*, 17 F.3d at 1040, and the Commissioner does not dispute Anderson's rates of $156.25 per hour for attorney work and $85.00 per hour for legal assistant work. Furthermore, these rates are in-line with similar cases, *see Cuevas*, 2004 WL 3037939, at *1-2 ($147.50 per hour for attorney work and $85.00 per hour for legal assistant work in 2004); *Davis v. Barnhart*, 03 C 50276, 2004 WL 1899978, at *4 (N.D. Ill. Aug. 20, 2004) ($148.71 per hour for attorney work in 2004); *Barrientos v. Barnhart*, No. 00 C 7407, 2004 WL 1381126, at *2 (N.D. Ill. May 7, 2004) ($148.75 per hour for attorney work and $85.00 per hour for legal assistant work in 2004), and the Court finds them to be reasonable. Thus, the Court awards Anderson 45.9 hours for attorney work at a rate of $156.25 per hour ($7,171.88) and 1.9 hours of legal assistant work at a rate of $85.00 per hour ($161.50) for a total of $7,333.38.

### III. Conclusion

The Court grants Anderson's motion for an award of fees pursuant to the EAJA. The Court further orders that the amount of $7,333.38 be paid directly to Anderson's attorney, Barry A. Schultz.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: February 9, 2006.

Copies have been mailed to:

| | |
|---|---|
| BARRY A. SCHULTZ, Esq.<br>The Law Offices of Barry A. Schultz, P.C.<br>1609 Sherman Avenue<br>Suite 205<br>Evanston, IL 60201 | SAMUEL S. MILLER, Esq.<br>Assistant United States Attorney<br>219 South Dearborn Street<br>Suite 500<br>Chicago, IL 60604<br><br>KIM LESLIE BRIGHT, Esq.<br>DEPAK SATHY, Esq.<br>Social Security Adminstration<br>200 West Adams Street<br>Suite 3000<br>Chicago, IL 60606 |
| Attorneys for Plaintiff | Attorneys for Defendant |